MORGAN, LEWIS & BOCKIUS LLP
Corey R. Houmand (Bar No. 268366)
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 843.4000
Facsimile: (650) 843.4001
corey.houmand@morganlewis.com

Liya K. Levin (*pro hac vice* forthcoming)
110 North Wacker Drive, Ste. 2800
Chicago, IL 60606-1511
Direct: (312) 324.1554
Fax: (312) 324.1001
liya.levin@morganlewis.com

*Attorneys for Plaintiff*
*PEOPLE CO. LTD.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PEOPLE CO. LTD., | Case No. 2:25-cv-03179 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | DEMAND FOR JURY TRIAL |
| LAKESHORE LEARNING MATERIALS, LLC, | |
| Defendant. | |

Plaintiff People Co. Ltd. ("People"), by and through its undersigned counsel, hereby files this Complaint for patent infringement, and in support thereof, alleges as follows:

## PARTIES

1. Plaintiff People Co. Ltd. is a corporation organized under the laws of Japan, with its principal place of business located at 2-15-5 Higashinihombashi, Chuo-Ku, 103-0004.

2. Upon information and belief, Defendant Lakeshore Learning Materials, LLC ("Lakeshore") is a California company, having its principal place of business at 2695 East Dominguez Street, Carson, CA 90895.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over People's patent infringement claim pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (action arising under an Act of Congress relating to patents) because this action arises under the Patent Laws of the United States, Title 35 of the United States Code.

4. Lakeshore is subject to personal jurisdiction in this District because, on information and belief, it maintains its headquarters and/or principal place of business in the Central District of California.

5. Venue is proper pursuant to 28 U.S.C. § 1400(b), 28 U.S.C. § 1391(b)(1), and 28 U.S.C. § 1391(c)(2) because, on information and belief, Lakeshore resides, has committed the acts of infringement, and has a regular and established places of business, in the Central District of California.

## THE INFRINGED PATENT & PATENTED PRODUCT

6. On March 12, 2024, U.S. Patent No. 11,925,876 ("'876 Patent"), titled "Magnet-Type Plate Toy," was duly and legally issued to People, a true and correct copy of which is attached to this Complaint as Exhibit A. The '876 Patent may hereinafter be referred to as the Patent-in-Suit.

/ / /

COMPLAINT FOR
PATENT INFRINGEMENT

7.     People is the owner of all right, title, and interest in the Patent-in-Suit, including the right to sue and recover for past infringement.

8.     People is a leader in crafting innovative and educational products, including magnetic toy products, such as those under the brand name Magna-Tiles, several of which practice the patented invention of the '876 patent.

9.     People's products, including its Magna-Tile magnetic toy products, are sold through numerous authorized online retailers, including, but not limited to, Amazon and Target.  *See e.g.,* Amazon website, https://www.amazon.com/MAGNA-TILES-Metropolis-110-Piece-Magnetic-Construction/dp/B07WDDB59W/ (last visited Apr. 10, 2025); https://www.target.com/p/magna-tiles-metropolis-110pc-set/-/A-76152009? (last visited Apr. 10, 2025).

10.     Beginning in 2020 and continuing thereafter, Lakeshore sold People's patented Magna-Tiles products through its website.  One such example includes the Magna-Tile Metropolis Series, identified as being previously available for sale on Lakeshore's website as depicted below:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR
PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19    11.    On information and belief, Lakeshore gained knowledge of the Patent-

20   in-Suit through its sale of Magna-Tiles products, including the Magna-Tiles

21   Metropolis series, and in any event gained knowledge of the Patent-in-Suit no later

22   than October 23, 2024, upon receipt of People's cease and desist letter, as further

23   described below.

24                        **LAKESHORE AND ITS ACCUSED PRODUCT**

25    12.    Lakeshore is seller of children's toys and other educational materials,

26   which directly compete with People's products, including its Magna-Tiles products.

27    13.    Lakeshore currently markets, imports, offers for sale, and sells a

28   knock-off version of the patented Magna-Tiles, identified as Magnetic Wonder

COMPLAINT FOR
PATENT INFRINGEMENT

Tiles, which includes a series identified as the City Builder ("City Builder Series" or "Accused Product") (depicted below and available here: https://www.lakeshorelearning.com/products/blocks-manipulatives/light-tables-accessories/magnetic-wonder-tiles-city-builder/p/GG827/):



14.    The City Builder Series includes magnetic toy products that infringe the '876 Patent.  As a non-limiting example, and based on Lakeshore's current investigation, the City Builder Series includes a "spinner" that meets all elements of claims 9 and 11 of the '876 Patent.  Claim charts illustrating Lakeshore's infringement are attached hereto as Exhibits B and C.

15.    On information and belief, Lakeshore has been marketing its City Builder Series since at least August 3, 2024.  *See* Lakeshore City Builder Series promotional video, https://www.facebook.com/watch/?v=506944955194899 (last visited Apr. 10, 2025).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 11,925,876

16.    People realleges the preceding paragraphs as if set forth fully herein.

17.    Lakeshore has directly infringed the '876 Patent through its sale and offer for sale of infringing Magnetic Wonder Tiles and similar products, including

COMPLAINT FOR
PATENT INFRINGEMENT

the City Builder Series identified above.

18.    Lakeshore has also induced and/or is inducing the infringement of the '876 Patent, including through its sale and offer for sale of infringing Magnetic Wonder Tiles and similar products (such as the City Builder Series identified above), which are used by its customers in an infringing manner.  Lakeshore's specific intent for third parties to infringe the '876 Patent and active inducement of infringement thereof is evidenced by, among other acts, Lakeshore's provision of marketing, product information, and instructional materials that encourage, demonstrate, and otherwise direct the infringement of the '876 Patent.

19.    Lakeshore also had knowledge of the '876 Patent and that the Accused Product infringes the '876 Patent at least as of October 23, 2024, when Lakeshore received People's cease and desist letter, which identified the '876 Patent, explained that Lakeshore was infringing, and demanded that Lakeshore cease and desist its infringing acts.

20.    Lakeshore gained further knowledge of its infringement by way of this Complaint's filing and/or this Complaint's service upon Lakeshore.

21.    Since receiving People's cease and desist letter, Lakeshore has acknowledged People's '876 Patent and has further represented that it has changed the design of its Magnetic Wonder Tiles City Builder product and not ordered any units of its current design after receiving People's October 23, 2024 letter.  Despite these representations, as of the date of this Complaint, Lakeshore continues to market, offer for sale, and sell the infringing City Builder Series design.  Lakeshore website, *See* https://www.lakeshorelearning.com/products/blocks-manipulatives/light-tables-accessories/magnetic-wonder-tiles-city-builder/p/GG827/ (last visited Apr. 10, 2025).  To the extent that Lakeshore contends that it is now selling a redesigned version of its Magnetic Wonder Tiles City Builder product, then, and at least on information and belief, its redesigned version infringes the '876 Patent for substantially the same reasons as to why the

original version of the product infringes.

22.    The acts of Lakeshore alleged herein constitute infringement of the '876 Patent under one or more subsections of 35 U.S.C. § 271.

23.    As a direct and proximate result of Lakeshore's infringement of the '876 Patent, People has suffered and will continue to suffer injury and damages. Therefore, People is entitled to recover from Lakeshore the damages adequate to compensate for such infringement in an amount to be determined at trial.

24.    Further, Lakeshore's acts of infringement of the '876 Patent alleged herein have been committed and are being committed with full knowledge of People's rights in the '876 Patent.

25.    On information and belief, Lakeshore has acted and is continuing to act despite an objectively high likelihood that its actions constituted direct and/or indirect infringement of a valid patent, and Lakeshore knew or should have known of that objectively high risk—at the very latest, upon receiving notice from People's letter on October 23, 2024.    Lakeshore's acts thus constitute willful and deliberate infringement, entitling People to enhanced damages under 35 U.S.C. § 284 and reasonable attorney's fees and costs.

26.    Lakeshore's acts of infringement of the '876 Patent have caused and will continue to cause irreparable harm to People, for which there is no adequate remedy at law, entitling People to injunctive relief.

## **DEMAND FOR RELIEF**

WHEREFORE, People pray that this Court enter judgment in its favor and against Lakeshore as follows:

A.    Enter judgment that Lakeshore offers to sell and sells of the Accused Product infringes one or more claims of the Asserted Patent under 35 U.S.C. § 271;

B.    Enter judgment that Lakeshore has willfully infringed, and is willfully infringing, the Asserted Patent;

C.    Enter judgment that the Asserted Patent is valid and enforceable;

COMPLAINT FOR
PATENT INFRINGEMENT

D.  Enter a preliminary and permanent injunction under 35 U.S.C. § 283 to enjoin Lakeshore, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from making, importing, offering for sale, selling, or using a product that infringes the Asserted Patent;

E.  Award damages, including lost profits, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured, but in any event no less than a reasonable royalty, to People for Lakeshore's infringement of the Asserted Patent;

F.  Enter judgment for an accounting of any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

G.  Find that this is an exceptional case under 35 U.S.C. § 285 and award People reasonable attorney's fees;

H.  Award to People such other and further legal or equitable relief as the Court may deem just and proper.

I.  For attorney's fees;

J.  For costs of suit herein incurred; and

K.  For any other or further relief that the Court may deem just and appropriate.

Dated: April 10, 2025            Respectfully submitted,

MORGAN, LEWIS & BOCKIUS, LLP


By:    */s/ Corey R. Houmand*
       Corey R. Houmand

*Attorney for Plaintiff*
PEOPLE CO LTD.

COMPLAINT FOR
PATENT INFRINGEMENT

1

## **DEMAND FOR JURY TRIAL**

2
3        People hereby demands a trial by jury of the causes of action set forth in this
complaint.

4
5    Dated: April 10, 2025                    Respectfully submitted,

6                                             MORGAN, LEWIS & BOCKIUS, LLP

7                                             By:   */s/ Corey R. Houmand*
8                                                    Corey R. Houmand

9                                             *Attorney for Plaintiff*
10                                            PEOPLE CO LTD.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR
PATENT INFRINGEMENT